IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANDREA KABACINSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 13-1339-GMS |
| | ) |
| JEFFREY KABACINSKI, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

The plaintiff, Andrea Kabacinski ("the plaintiff"), filed this lawsuit on July 26, 2013, seeking child support modification. (D.I. 2.) She appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915.

## I. BACKGROUND

The plaintiff resides in Livonia, Michigan and the defendant resides in Wilmington, Delaware. The plaintiff seeks child support modification for her two children. Specifically, she seeks child support until the children reach the age of 26, an increase in the amount of support, and continued health, optical, and dental insurance through the defendant's employer until both children reach the age of 26.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the

light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because the plaintiff proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant the plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The

assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

The court has an independent obligation to address issues of subject matter jurisdiction. *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) ("Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'"). "As a matter of policy and comity, [child support

---

[1] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

3

cases are] local problems [which] should be decided in state courts. Domestic relations is a field peculiarly suited to state regulation and control, and peculiarly unsuited to control by federal courts." *Magaziner v. Montemuro*, 468 F.2d 782, 787 (3d Cir. 1972) (citation omitted).

While the parties are domiciled in different states, the court lacks diversity jurisdiction over cases involving domestic relations. The domestic relations exception to federal jurisdiction prohibits federal courts from hearing "cases involving the issuance of a divorce, alimony, or child custody decree." *Ankenbrandt v. Richards*, 504 U.S. 689 (1992). The bar on federal jurisdiction applies to ancillary matters. Numerous federal courts have held that the domestic relations exception applies to cases involving the determination or modification of child support. *See, e.g., Donohue v. Pataki*, 28 F. App'x 59 (2d Cir. 2002) (unpublished); *Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir. 1998); *Lannan v. Maul*, 979 F.2d 627, 631 (8th Cir. 1992); *Agg v. Flanagan*, 855 F.2d 336, 339 (6th Cir. 1988).

This is a domestic relations matter involving child support issues and, therefore, the court lacks subject matter jurisdiction pursuant to the domestic relations exception to federal diversity jurisdiction.

## IV. CONCLUSION

For the reasons discussed, the court lacks subject matter jurisdiction over this action and the complaint will be dismissed pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

Nov. 18, 2013
Wilmington, Delaware